UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **JINI LYNN CLOCKSIN CASS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4125** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court is Plaintiff Jini Lynn Cocklin Cass' Motion to Remand. (Rec. Doc. No. 15)  For the following reasons, the Plaintiff's motion is DENIED.

I.      **Factual and Procedural Background**

The Plaintiff is the daughter of Ms. Virginia Clocksin (the "Decedent") who died on or about February 26, 2007.  At the time of her death, the Decedent owned a life insurance policy issued by Metropolitan Life Insurance Company ("Metlife") and administered by Allstate Insurance Company ("Allstate").  The Plaintiff alleges that the Decedent designated her as the primary beneficiary of the proceeds of this policy, and upon the Decedent's passing, the Plaintiff claimed the proceeds of the policy.  In her complaint, the Plaintiff alleges that the Defendants refuse to acknowledge her as the beneficiary under the policy.

The Plaintiff filed a petition for a declaratory judgment in the 22nd Judicial District Court for St. Tammany Parish, State of Louisiana, seeking to force Metlife and Allstate to pay the proceeds of the policy to the Plaintiff as the beneficiary of the policy.  The Defendants removed this action to this Court on August 15, 2007 alleging federal question jurisdiction.

The Plaintiff has moved to remand her action to state court arguing that state court is a court of competent jurisdiction, and that the Defendants have waived their right to remove this

case to federal court. In opposition, the Defendants argue that this case was properly removed to federal court and that the provision of the plan cited by the Plaintiff does not waive the Defendants' right to remove the action to federal court.

**II.     Law and Analysis**

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the Untied States." *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Plaintiff argues that the Defendants have waived their right to remove this case based on the inclusion of a certain clause in the plan.

The Fifth Circuit has stated that "[f]or a contract clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Municipal Admin. Services*, 376 F.3d 501, 504 (5th Cir. 2004) (*citing McDermott Int'l, Inc. v. Lloyd's Underwriters*, 944 F.2d 1199 (5th Cir. 1991)). The clause that the Plaintiff argues constitutes a waiver states that "[i]f you have a claim for benefits which is denied or ignored, in whole or in part, you may file in a state or federal court." The Plaintiff is claiming benefits under a life insurance policy that was offered as part of the Allstate Cafeteria Plan Life Insurance and Accidental Death and Dismemberment Plan.

Section 1022(a) of Tile 29 of the United States Code requires that "a summary plan description of any employee plan ... be furnished to participants and beneficiaries." This summary must include the remedies available under the plan for the redress of claims that are denied in whole or in part. 29 U.S.C. § 1022(b). The Code of Federal Regulations provides a "model statement" to ensure compliance with Section 1022, and the particular sentence at issue here is taken verbatim from this model statement. *See* 29 C.F.R. § 2520.102-3(t)(2). Numerous

courts have addressed this precise issue and have held that this provision merely informs the plan participants of concurrent state and federal jurisdiction and is not a waiver-of-removal clause. *See Payne v. Hartford Life & Accident Ins. Co.*, 2007 WL 2262942, *2 (W.D. La. Aug. 3, 2007) (collecting cases). "The fact that the plan language states that an employee may file suit in state court does not prevent removal." *Zelenka v. United Healthcare & Life Ins. Co.*, 1997 WL 411219, *1 (E.D. La. July 18, 1997). *See also Payne*, 2007 WL 2262942 at *2; *Thompson v. Blue Cross Blue Shield of Louisiana*, 2001 WL 1223598, *1-*2 (E.D. La. Oct. 12, 2001). The Court agrees with the conclusion reached in these cases and finds that the provision in question is not a waiver-of-removal clause .

### III.   Conclusion

Accordingly, the Plaintiff Jini Lynn Cocklin Cass' Motion to Remand is DENIED.

New Orleans, Louisiana this 22nd day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE