UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JINI LINN CLOCKSIN CASS                          CIVIL ACTION

VERSUS                                           NO. 07-4125

ALLSTATE INSURANCE COMPANY,
ET AL.                                           SECTION "L" (4)

ORDER & REASONS

Before the Court is Plaintiff Jini Lynn Cocklin Cass' Motion for Summary Judgment. (Rec. Doc. No. 31)  For the following reasons, the Plaintiff's motion is DENIED.

I.      Factual and Procedural Background

The Plaintiff is the daughter of Ms. Virginia Clocksin (the "Decedent") who died on or about February 26, 2007.  At the time of her death, the Decedent owned a life insurance policy issued by Metropolitan Life Insurance Company ("Metlife") and administered by Allstate Insurance Company ("Allstate").  When the life insurance policy was initially issued, the Decedent designated her then husband, Norman Kautz, as the beneficiary. The Plaintiff alleges that the Decedent designated her as the primary beneficiary of the proceeds of this policy, and upon the Decedent's passing, the Plaintiff claimed the proceeds of the policy.  In her complaint, the Plaintiff named Metlife and Allstate as Defendants, and alleged that the Defendants refused to acknowledge her as the beneficiary under the policy.

The Plaintiff filed a petition for a declaratory judgment in the 22nd Judicial District Court for St. Tammany Parish, State of Louisiana, seeking to force Metlife and Allstate to pay the proceeds of the policy to the Plaintiff as the beneficiary of the policy.  The Defendants removed this action to this Court on August 15, 2007 alleging federal question jurisdiction.

On September 4, 2007, Defendant Metlife filed a Counterclaim for Interpleader under 28 U.S.C. § 1335 against the Plaintiff Jini Linn Clocksin Cass and Norman Kautz, adverse claimants to death benefits due under Retiree Life Insurance coverage. The Retiree Life Insurance coverage, which is part of the Allstate Cafeteria Plan, is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). Virginia Clocksin was a participant in the Allstate Cafeteria Plan. On October 3, 2007, MetLife deposited into the registry of the Court the sum of $50,000, which represents death benefits due under Retiree Life Insurance coverage arising from the death of Virginia Clocksin. On June 18, 2008, this Court issued a Partial Consent Judgment, discharging Metlife and Allstate from further liability under the Retiree Life Insurance coverage under the Allstate Cafeteria Plan as a result of the death of Virginia Clocksin.

**II.     Present Motion**

On August 1, 2008, the Plaintiff filed a Motion for Summary Judgment. The Plaintiff alleges that in October 2004, the Decedent asked Allstate to change the beneficiary on her life insurance policy from her former husband, Norman Kautz, to her daughter, Jini Linn Clocksin Cass. The Plaintiff alleges that the Decedent received a letter from Allstate, acknowledging the Decedent's request to change the beneficiary and requesting that the Decedent sign and return the form. The Plaintiff alleges that the Decedent signed and sent the form back to Allstate on October 24, 2004.

In support, the Plaintiff provides a form designating Jini Linn Cass as the primary beneficiary, signed Virginia Clocksin and dated October 24, 2004. The Plaintiff has also submitted three affidavits stating that the intent of the Decedent was to change the beneficiary on her life insurance policy from Norman Kautz to Jini Linn Cass. Finally, the Plaintiff has

submitted an affidavit signed by the Plaintiff stating that she witnessed the Decedent sign and mail the form designating the beneficiary to be the Plaintiff.

In opposition, Norman Kautz argues that he has been the primary beneficiary since the life insurance policy was initiated, on July 14, 1989. Mr. Kautz argues that there is no evidence that the Decedent's signature on the request for a change of beneficiary was witnessed or notarized, or that a signed form was ever sent to Allstate or Metlife.  Mr. Kautz further disputes the authenticity of the change of beneficiary form that was allegedly signed but never received by Allstate or Metlife.

### III.    Law and Analysis

In the present motion, the Plaintiff argues that no genuine issues of material fact exist in this case and that she is entitled to judgment as a matter of law.  Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 2007 WL 1952964, *4 (E.D. La. July 3, 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

This matter is governed by the Employee Retirement Income Security Act ("ERISA"). Ms. Cass and Mr. Kautz dispute who should be the beneficiary under the plan. Under these circumstances, the Fifth Circuit has held that courts should look to federal common law to

determine rights and obligations under ERISA-regulated plans. *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448 (5th Cir. 1995) (applying federal common law to interpret insurance plan governed by ERISA). In the situation where it is not clear whether an insured has fully complied with the requirements of a life insurance policy governed by ERISA, the doctrine of substantial compliance seeks to give "effect to an insured's intent to comply when that intent is evident." *See Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 565 (4th Cir. 1994).

Because the issue is whether the Decedent intended to change the beneficiary on her Retiree Life Insurance policy, there are issues of fact which must be resolved before this conclusion can properly be determined. Accordingly, there are unresolved factual issues and, therefore, summary judgment is inappropriate at this time.

## III. Conclusion

Accordingly, the Plaintiff Jini Linn Clocksin Cass' Motion for Summary Judgment is DENIED.

New Orleans, Louisiana this 2nd day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE