UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JINI LINN CLOCKSIN CASS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-4125** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | **SECTION "L" (4)** |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### I. PROCEDURAL HISTORY

Virginia Clocksin (the "Decedent") died on or about February 26, 2007. At the time of her death, the Decedent owned a life insurance policy issued by Metropolitan Life Insurance Company ("Metlife") and administered by Allstate Insurance Company ("Allstate"). Jini Linn Clocksin Cass (the "Plaintiff") filed suit against Metlife and Allstate claiming that she was entitled to the life insurance proceeds as the primary beneficiary under the Decedent's policy. The Plaintiff filed a petition for a declaratory judgment in the 22nd Judicial District Court for St. Tammany Parish, State of Louisiana, seeking to force Metlife and Allstate to pay the proceeds of the policy to the Plaintiff as the beneficiary of the policy. The Defendants removed this action to this Court on August 15, 2007 alleging federal question jurisdiction. Norman Kautz (the "Cross-Claimant") claimed that he was entitled to the proceeds of the policy as the primary beneficiary on the life insurance. Metlife asserted that it was a disinterested stakeholder and deposited the plan benefits with the Registry of the Court on October 3, 2007. The Court directed entry of a partial consent judgment discharging Metlife and Allstate from liability on June 16, 2008. This case came one for a bench trial on October 20, 2008. The question to be answered at this point is: who is the proper beneficiary of this policy?

The Court has carefully considered the testimony of all of the witnesses, the exhibits entered at trial, and the record. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court hereby enters the following findings of fact and conclusions of law. To the extent that any findings constitute conclusions of law, the Court hereby adopts them as such, and to the extent that any conclusions of law constitute findings of fact, the Court hereby adopts them as such.

## II. FINDINGS OF FACT

(1)

The Plaintiff Jini Linn Clocksin Cass is the daughter of Ms. Virginia Clocksin (the "Decedent"), who died on or about February 26, 2007. The Cross-Claimant Norman Kautz is the former husband of the Decedent.

(2)

Metlife issued a policy of group insurance to Allstate Insurance Company, the administrator of the policy. This policy funds benefits for eligible employees and former employees of Allstate under an employee welfare benefit plan. As a former employee of Allstate, the Decedent was covered under the policy at the time of her death. Upon her death, the benefits of the policy ($50,000) became payable.

(3)

On June 14, 1989, at the time the policy was issued, the Decedent was married to the Cross-Claimant. The Decedent designated Norman Kautz, the Cross-Claimant, as the primary beneficiary.

(4)

The marriage of the Cross-Claimant and the Decedent was dissolved by Stipulated

General Judgment of Dissolution of Marriage dated June 23, 2004, issued by the Circuit Court of the State of Oregon for the County of Lincoln.

(5)

In April, 2003, the Decedent contacted her attorney, John Gallaspy in order to devise a will. The Decedent informed Mr. Gallaspy that she intended to leave everything to Jini Linn Clocksin Cass. In the summer of 2004, the Decedent called her friend, Zeda Coburn, and informed Ms. Coburn that she intended to change the beneficiary on her life insurance policy. In August 2004, the Decedent informed the Plaintiff that she intended to change the beneficiary under her life insurance policy with Allstate so that the Plaintiff would be the primary beneficiary.

(6)

On February 10, 2004, the Decedent executed a general Power of Attorney in which she gave her daughter, the Plaintiff, full power and authority to act on the Decedent's behalf.

(7)

At the direction of the Decedent, the Plaintiff contacted Allstate and requested that the beneficiary on the Decedent's life insurance policy be changed from Norman Kautz to Jini Linn Clocksin Cass. On October 7, 2004, Allstate issued a Beneficiary Authorization Form to the Decedent acknowledging a recent attempt to change the designated beneficiary on the policy to Jini Linn C. Cass. The form stated that the designation must be signed, dated, and returned to the Allstate Benefits Center by December 5, 2004 in order to complete the beneficiary designation.

(8)

On October 28, 2004, the Decedent signed the Beneficiary Authorization Form issued by Allstate. Pursuant to the Decedent's direction and under the authority granted to her pursuant to

the Power of Attorney, the Plaintiff deposited the executed Change of Beneficiary Form in the United States Mail.

(9)

There is no evidence to indicate that Allstate received the Change of Beneficiary form.

(10)

On February 26, 2007, Virginia Clocksin died.

(11)

Allstate and Metlife deposited the proceeds of the life insurance policy, $50,000 into the registry of this Court.

(12)

The policy of insurance issued by Metlife and administered by Allstate provides, "You should designate the person(s) or organization(s) you choose as beneficiary to whom death benefits will be paid in the event of your death. You have the right to change your beneficiary designation (unless you have assigned that right) by submitting a new beneficiary designation form. A beneficiary designation form can be obtained from the Allstate Benefits Center by calling (888) 255-7772. Follow the instructions and the requirements carefully. The change will not be effective until the form has been signed, dated and received by the Allstate Benefits Center within 90 days of the date printed on the beneficiary designation form."

CONCLUSIONS OF LAW

(1)

This Court has jurisdiction pursuant to 28 U.S.C. 1331, Federal Question Jurisdiction, and 29 U.S.C. 1144, the Employee Retirement Income Securities Act of 1974 ("ERISA"). Venue

is appropriate in this district.

(2)

The matter before this Court is the determination of the primary beneficiary of the Decedent's life insurance.

(3)

This life insurance was part of an employee benefits plan issued by Allstate, administered by Metlife, and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. When Congress enacted ERISA, it established a comprehensive statutory plan to govern Employee Benefits Plans. ERISA's provisions preempt state laws that relate to any Employee Benefit Plan. *See* 29 U.S.C. §1144(a); *Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 558 (4th Cir. 1994) ("ERISA's provisions preempt all state laws that 'relate to' any employee benefit plan"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 ("If a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted."). Generally, the designation of the beneficiary of an ERISA life insurance policy "relates to" an ERISA plan. *See Duggins v. Fluor Daniel, Inc.*, 217 F.3d 317 (5th Cir. 2000) ("The law used to interpret the designation of a beneficiary under the plan clearly relates to the plan, and thus, ERISA preempts Louisiana law in this arena"); *Phoenix Mut. Life Ins. Co. v. Adams*, 828 F.Supp. 379, 383 (D.S.C. 1993) ("Generally, if a state law relates to an employee benefit plan, the law is pre-empted by ERISA").

(4)

The Plaintiff and the Cross-Claimant dispute who should be the beneficiary under the plan. Under these circumstances, the Fifth Circuit has held that courts should look to federal common law to determine rights and obligations under ERISA-regulated plans. *Todd v. AIG Life*

*Ins. Co.*, 47 F.3d 1448, 1451 (5th Cir. 1995) ("Congress ... intended that the courts would 'develop a "federal common law of rights and obligations under ERISA-regulated plans."); *see also Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 559 (4th Cir. 1994) ("[I]f ERISA does not provide any guidance on the issue before the court, the court may be in a position to create or apply federal common law.").

(5)

In the situation where it is not clear whether an insured has fully complied with the requirements of a life insurance policy governed by ERISA, the doctrine of substantial compliance seeks to give "effect to an insured's intent to comply when that intent is evident." *See Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 565 (4th Cir. 1994). Under the doctrine of substantial compliance, the Court should give effect to an insured's intent to change the beneficiary when that intent is evidenced along with some positive action taken to effectuate that intent. *See Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 565 (4th Cir. 1994) (The doctrine requires that "an insured intend to change his beneficiary and that he take positive action to effectuate that intent"); *Hartford Life & Acc. Ins. Co. v. Wilmore*, 31 Fed. Appx. 832 (5th Cir. Jan. 4, 2002). The doctrine of substantial compliance has been described as follows:

> Since the [insurance] company has no interest in which of the claimants prevail and interpleader is an equitable remedy, the courts in change-of-beneficiary cases have not required literal compliance with the terms of the policy to effectuate a change. Substantial compliance has been deemed sufficient. The philosophy behind this rule is that the right of the insured to change beneficiaries should be given effect over procedural technicalities. The elements necessary to show substantial compliance have been stated in various ways. The elements involve "a combination of intent to make the change and positive action towards effecting that end."

*Phoenix Mut. Life Ins. Co. v. Adams*, 828 F.Supp. 379, 384 (citing *Messier v. Metropolitan Life Ins. Co.*, 154 Vt. 406, 409-10 (1990)).

(6)

After listening to the testimony and observing the witnesses the Court concludes that the Decedent intended to designate the Plaintiff as the primary beneficiary on the life insurance policy. The testimony of Zeda Coburn and John Gallaspy, as well as that of the Plaintiff established that the Decedent intended to change the beneficiary on her life insurance policy from Norman Kautz to Jini Linn Clocksin Cass.  The Decedent's act of instructing her daughter to call Allstate on her behalf, the act of signing the Beneficiary Authorization Form naming Jini Linn C. Cass, the act of instructing the Plaintiff to mail the form, and the Plaintiff's act of placing the form in the United States Mail all constitute positive action taken to effectuate the Decedent's intent to change the beneficiary to Jini Linn Clocksin Cass. The evidence demonstrates the Decedent's intent and positive action to change the beneficiary. Thus, Jini Linn Clocksin Cass is the primary beneficiary under the Decedent's life insurance policy with Allstate.

## SUMMARY

On the basis of the foregoing Findings of Fact and Conclusions of Law, the Court finds the Plaintiff is entitled to the life insurance proceeds. Accordingly, the Plaintiff is entitled to recover the $50,000 deposited by Metlife into the registry of the Court, along with the interest that has accrued on the deposited amount.

IT IS SO ORDERED.

New Orleans, Louisiana this 12th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE